UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 AUG 25 AM 10:19

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Carlos VILLASENOR<br><br>Defendant. | Magistrate Case No. 08 MJ 2617<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1324(a)(2)(B)(iii)-<br>Bringing in Illegal Alien Without Presentation |

The undersigned complainant being duly sworn states:

On or about **August 22, 2008**, within the Southern District of California, **Carlos VILLASENOR (Defendant)**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Araceli JULIAN-Estrada (Material Witness)**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

Sworn to before me and subscribed in my presence, this **25th** day of **August, 2008.**

Honorable, William McCurine Jr.
UNITED STATES MAGISTRATE JUDGE

DOA
8/22/08
ECL

DOA 8-22-08

I, United States Customs and Border Protection (CBP) Enforcement Officer Liliana De Anda, declare under penalty of perjury the following to be true and correct:

The complainant states that **Araceli JULIAN-Estrada** is a citizen of a country other than the United States; that said alien has admitted she is deportable; that her testimony is material; that it is impracticable to secure her attendance at trial by subpoena; and that she is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On August 22, 2008 at approximately 5:15 a.m., **Carlos VILLASENOR (Defendant)** made application for admission into the United States from Mexico through vehicle primary lanes at the San Ysidro Port of Entry. Defendant was the driver and sole occupant of a white 1986 Ford F-250 truck bearing California license plates. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Defendant stated he was a United States citizen and claimed the vehicle belonged to his brother. Defendant told the CBP Officer he was going to San Diego, California. The CBP Officer received a negative Customs declaration from Defendant. The CBP Officer conducted a cursory inspection of the vehicle and noticed the bench seat cushion appeared higher than normal. The CBP Officer walked to the passenger side and observed the seat had been modified with a square compartment; he reached for the corner of the seat and found a small hole where he felt heat and moisture coming from within. The CBP Officer requested assistance from other CBP Officers and responded. Defendant was taken into custody and escorted to a security office for further investigation. The vehicle was then driven to the secondary lot for further inspection.

In secondary, CBP Officers noticed the bench seat cushion was raised and the upholstery appeared to be new. On the bottom of the bench seat two front corners were plastic hooks stapled to the upholstery and attached to the metal frame; these hooks were removed and exposed the non factory compartment. The side walls of the compartment were made of flat metal bars welded together; the floor was made of metal sheet and the top had metal wires running across attached to a metal frame. An adult female was found resting on her back with her head on the passenger side covered by a piece of cloth. The adult female was not able to exit the compartment by herself. CBP Officers noticed there were screws securing the bench seat to the metal frame: the screws were removed with a Phillips screw driver found in the glove compartment then the bench seat cushion was lifted releasing the female. The female is now identified as **Araceli JULIAN- Estrada (Material Witness)**. Material Witness was determined to be a citizen of Mexico without legal entitlements to enter, remain or pass through the United States.

Material Witness was interviewed separately and admitted she is a citizen of Mexico without documentation to enter the United States. Material Witness stated she was to pay a smuggling fee ranging from $3,000 US dollars to $3,500 US dollars. Material Witness stated she was going to Los Angeles, California to seek employment.

Executed on this **22nd** day of **August 2008** at **2:30 p.m.**

_for_ Liliana De Anda / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of 1 page, I find probable cause to believe that the defendant named therein committed the offense on **August 22nd, 2008** in violation of Title 8, United States Code, Section 1324.

MAGISTRATE JUDGE

8/25/08 0948hrs
DATE/TIME